IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES RICKEY EZELL, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 03-CV-048-TCK-PJC |
| ) | |
| MIKE MULLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Petitioner also filed a brief in support of his petition (Dkt. # 3). Respondent filed a response pursuant to Rule 5, *Rules Governing Section 2254 Cases* (Dkt. # 8), and has provided the state court records (Dkt. # 9) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

***BACKGROUND***

On August 19, 1998, Tulsa Police Officers arrested Petitioner, James Rickey Ezell, III, in the parking lot of the Dessert Hills Motel, located in Tulsa, Oklahoma, after observing a strong odor of alcohol on his person, slurred speech, and bloodshot eyes. As the officers attempted to handcuff him, Petitioner broke free and fled into a room at the motel. After entering the motel room and tackling Petitioner as he ran out of the room's bathroom, one of the officers observed a small plastic baggie in Petitioner's right hand. Petitioner was again arrested and searched. A pager and $625 in cash were seized from his person. The material in the baggie was later determined to be 5.24 grams of crack cocaine.

As a result of these events, Petitioner was charged with Trafficking in Illegal Drugs (Crack Cocaine), After Former Conviction of Two or More Felonies (Count 1), Resisting an Officer (Count 2), and Public Intoxication (Count 3), in Tulsa County District Court, Case No. CF-98-4298. On November 9, 2000, Petitioner was found by a jury to be guilty as charged. On November 20, 2000, the trial court sentenced Petitioner in accordance with the jury's recommendation to seventy (70) years imprisonment on Count 1, one (1) year imprisonment on Count 2, and fourteen (14) days in the county jail on Count 3. He was also fined $62,500 on Count 1, $1,000 on Count 2, and $50 on Count 3. Petitioner was represented at trial by attorney Allen Autry.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Stuart Southerland. He raised five (5) propositions of error as follows:

> Proposition 1: Appellant's arrest was unlawful in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as corresponding provisions of the Oklahoma Constitution, requiring the suppression of the evidence against him.
> A. Absent any objective evidence of a disturbance of the peace or dangerous conduct, the offense of public intoxication is unconstitutionally vague as applied to the facts of this case.
> B. Being intoxicated in a public place, absent any additional evidence, is a status offense.
>
> Proposition 2: The jury selection process violated Appellant's Fourteenth Amendment rights.
> A. Appellant's rights to equal protection were violated by the exclusion of Juror Britto, the only African-American juror on the panel.
> B. It was an abuse of discretion for the trial court to excuse Juror Matland for cause.
>
> Proposition 3: Title 63 O.S., § 2-415, Trafficking in Controlled Drugs, is unconstitutional.
> A. The Trafficking statute incorporates an unrebuttable presumption of mens rea.
> B. The Trafficking statute violates the equal protection provisions of the Oklahoma and United States Constitution.

2

>Proposition 4:  The trial court failed to instruct on the appropriate lesser included offense of Possession of Cocaine With Intent to Distribute.
>
>Proposition 5:  Appellant received ineffective assistance of counsel in his second stage proceedings, denying him a fair trial pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

(Dkt. # 8, Ex. A).  In an unpublished summary opinion, filed January 11, 2002, in Case No. F-2000-1543, see Dkt. # 8, Ex. D, the OCCA affirmed Petitioner's convictions but found Petitioner's fifth proposition of error to be meritorious.  Specifically, the OCCA found that trial counsel provided ineffective assistance in failing to investigate whether three (3) of Petitioner's prior felonies were transactional.  However, even if three (3) of the prior felonies were transactional, the OCCA found that because at least two (2) prior convictions were properly admissible for enhancement, the improper admission of two (2) additional prior convictions did not prejudice Petitioner.  As a result of its findings, the OCCA affirmed Petitioner's convictions, but modified his sentence of imprisonment on Count 1 to forty (40) years imprisonment.

Petitioner filed the instant habeas corpus action on January 10, 2003 (Dkt. # 1).  In his petition, Petitioner raises the same claims he raised on direct appeal. In response to the petition, Respondent argues that this Court is precluded from considering Petitioner's Fourth Amendment claim based on the holding of Stone v. Powell, 428 U.S. 465 (1976).  Respondent also asserts that Petitioner's remaining claims are not cognizable on federal habeas corpus review, or that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d).  See Dkt. # 8.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding or not precluded, the claims shall be reviewed pursuant to § 2254(d).

*1. Legality of arrest (claim 1)*

As his first claim, Petitioner asserts that his convictions were obtained as the result of an unlawful arrest. Petitioner contends, as he did on direct appeal, that the evidence obtained as a result of his arrest should have been suppressed based on violations of the Fourth and Eighth Amendments.

See Dkt. # 1. On direct appeal, the OCCA rejected this claim, citing Clark v. State, 527 P.2d 347, 350 (Okla. Crim. App. 1974); Rothrock v. State, 206 P.2d 1009, 1010 (Okla. Crim. App. 1949); Profit v. City of Tulsa, 617 P.2d 250, 251 (Okla. Crim. App. 1980); Findlay v. City of Tulsa, 561 P.2d 980, 984 (Okla. Crim. App. 1977), and finding that "Mr. Ezell's arrest for public intoxication was not unlawful and 37 O.S.1991, § 8 is not unconstitutional as applied or as a 'status offense.'" See Dkt. # 8, Ex. D.

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for a hearing on the issue. Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

The Court need not belabor its discussion of Petitioner's Fourth Amendment claim because the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his claim. Prior to commencement of trial, Petitioner filed a "motion to suppress, dismiss charges, and supporting brief," see Dkt. # 9, State Court Record at 40-43, in which he challenged the validity of his arrest. On November 1, 2000, the trial court held a hearing on Petitioner's motion to suppress. See Dkt. # 9, Hr'g Trans. dated November 1, 2000. After considering the parties' arguments, the trial court denied the motion. See id. at 5. As indicated above, Petitioner also raised his Fourth Amendment claim on direct appeal (see Dkt. # 8, Ex. A), where it was rejected by the OCCA (see id., Ex. D).

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. As a result, this Court is precluded from considering the issues raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494; see also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under *Stone v. Powell* includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Petitioner's request for habeas relief premised on violations of the Fourth Amendment shall be denied.

Petitioner also cites to the Eighth Amendment as authority for suppression of the evidence obtained as the result of his allegedly unlawful arrest. Petitioner claimed on direct appeal that the police officers lacked probable cause to arrest him because the statute prohibiting public intoxication, Okla. Stat. tit. 37, § 8, is unconstitutional since it punishes an individual for the "status" of alcohol addiction. Petitioner concluded, therefore, that his arrest under the statute amounted to cruel and unusual punishment in violation of the Eighth Amendment. In his habeas petition, Petitioner fails to offer factual support for his Eighth Amendment claim and fails to explain how the OCCA's rejection of his Eighth Amendment claim was contrary to or an unreasonable application of federal law. As a result, the Court finds Petitioner is not entitled to habeas relief pursuant to 28 U.S.C. § 2254(d). Furthermore, to the extent Petitioner's Eighth Amendment claim can be linked to whether probable cause existed for his arrest, the Court finds Petitioner is not entitled to habeas relief because he had the opportunity to litigate his challenges to the legality of his arrest in the state courts. See McQueen v. Scroggy, 99 F.3d 1302, 1332 (6th Cir. 1996) (determining that review of Fourth Amendment claim precluded even if Petitioner tried to bootstrap it into an Eighth

6

Amendment claim), *overruled on other grounds by* In re Abdur'Rahman, 392 F.3d 174 (6th Cir. 2004).

### *2. Jury selection (claim 2)*

As his second proposition of error, Petitioner, an African-American, alleges that his right to equal protection of the law was violated by the exclusion of Juror Britto, an African-American panel member, and that the trial court abused its discretion in excusing Juror Matland for cause. The OCCA rejected these claims on direct appeal, citing Bland v. State, 4 P.3d 702, 711 (Okla. Crim. App. 2000), and finding that the "prosecutor stated a sufficiently race neutral reason for his exercise of peremptory challenge against Juror Britto." See Dkt. # 8, Ex. E. In addition, the OCCA relied on Spears v. State, 900 P.2d 431, 437 (Okla. Crim. App. 1995), and found that the trial court did not abuse its discretion in excusing Juror Matland for cause. See id.

In order to establish an equal protection violation under Batson v. Kentucky, 476 U.S. 79, 98 (1986), Petitioner must be able to prove that the prosecutor intentionally discriminated on the basis of race when exercising his peremptory challenges. See also Sallahdin v. Gibson, 275 F.3d 1211, 1225 -1226 (10th Cir. 2002). Petitioner has not met that burden in this case. The trial record reflects that the prosecutor gave a race neutral reason for striking Juror Britto. Defense counsel objected to the removal of Juror Britto, one of the African-Americans in Petitioner's juror pool. In response to defense counsel's objection, the prosecutor explained that Mr. Britto looked "concerned for the defense, and, in general, seemed "pro-defense." See Dkt. # 9, Tr. Trans. Vol. II at 146. The trial court judge also noted that Juror Britto's sister and her boyfriend had been charged with drug-related crimes approximately one (1) prior to the trial. See id. The prosecutor further stated that the Juror Britto seemed to have "a problem with the system." Id. at 151. Petitioner has failed to show

7

that the reasons given by the prosecutor were pretextual. Nor do the prosecutor's proffered reasons for striking Juror Britto appear illogical or unpersuasive. Thus, Petitioner has failed to carry his burden of showing that the prosecution purposefully discriminated on the basis of race when exercising its peremptory strikes and has failed to demonstrate entitlement to relief under § 2254(d).

Petitioner also claims that the trial court erred in removing Juror Matland for cause. According to the Supreme Court, "while impaneling a jury the trial court has a serious duty to determine the question of actual bias, and a broad discretion in its rulings on challenges therefor." Dennis v. United States, 339 U.S. 162, 168 (1950) (citations omitted). Where a petitioner brings a juror selection challenge in a death penalty habeas corpus case, it is well-settled that "'a juror may not be challenged for cause based on his views about capital punishment unless those views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" Wainwright v. Witt, 469 U.S. 412, 420 (1985) (quoting Adams v. Texas, 448 U.S. 38, 45 (1980)) (emphasis omitted). Thus, "[t]he crucial inquiry is whether the venireman could follow the court's instructions and obey his oath, notwithstanding his views on capital punishment." United States v. Chanthadara, 230 F.3d 1237, 1270 (10th Cir.2000) (further quotation omitted). "A trial judge's determination of a potential juror's bias under this standard is a factual finding entitled to a presumption of correctness." Moore v. Gibson, 195 F.3d 1152, 1168 (10th Cir. 1999) (citations omitted). In making such a determination, the trial judge must assess the credibility of the prospective juror, a task an appellate court cannot easily do based upon a record. See Witt, 469 U.S. at 429; see also Castro v. Ward, 138 F.3d 810, 824 (10th Cir. 1998) ("Because issues of credibility and demeanor are crucial to the trial judge's determination, our review of that determination is quite deferential.").

8

This is not a capital case. Nonetheless, the relevant question to be considered by a trial court judge is whether the juror's views could prevent or substantially impair the performance of her duties as a juror in accordance with the instructions and her oath. As indicated above, a finding of juror partiality is one of fact entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). Moore, 195 F.3d at 1168. Upon review of the record in this case, the Court finds that the trial court acted only after extensive questioning of the prospective juror whose brother, Timothy Stemple, had recently been convicted of First Degree Murder and sentenced to death in a high-profile case tried in Tulsa County District Court. See Dkt. # 9, Tr. Trans. Vol. II at 156-159, 164-172. The prospective juror told the trial court that she believed her brother was innocent, see id. at 156, a statement implying her belief that her brother had been falsely convicted by the State of Oklahoma. Based on the record, the Court finds that the trial court's decision to excuse Juror Matland for cause was within the legitimate bounds of discretion following thorough questioning of the prospective juror and that the decision to excuse her for cause had fair support in the record. Petitioner has failed to present clear and convincing evidence to overcome the presumption of correctness afforded to the trial court's finding of fact regarding the juror's lack of impartiality. See 28 U.S.C. § 2254(e)(1). Therefore, he is not entitled to habeas corpus relief on this claim.

### 3. *Constitutionality of trafficking statute (claim 3)*

As his third proposition of error, Petitioner argues that Oklahoma's statute prohibiting trafficking in controlled drugs is unconstitutional because it incorporates an irrebuttable presumption of mens rea and it violates equal protection principles. In rejecting this claim on direct appeal, the OCCA cited Anderson v. State, 905 P.2d 231, 233 (Okla. Crim. App. 1995), and found that the statute does not create an irrebuttable presumption. See Dkt. # 8, Ex. E. The OCCA also cited Tyler

v. State, 777 P.2d 1352, 1354 (Okla. Crim. App. 1989) and ruled that the statute does not violate equal protection because it "bears a rational relationship to a legitimate state interest of punishing those persons who possess large quantities of drugs more severely than others." See id.

On habeas review, this Court is bound by a state court's application or interpretation of state law unless it violates federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir.1994). Oklahoma has considered the argument raised here by petitioner, and concluded that Okla. Stat. tit. 63, § 2-415 "does not create a presumption a defendant sold the drugs or intended to sell drugs. Rather, the Legislature . . . has defined 'trafficking' as possessing specific amounts of a controlled dangerous substance." Anderson v. State, 905 P.2d 231, 233 (Okla. Crim. App. 1995). The Court finds no violation of federal law in the state court's interpretation of its state law.

As to Petitioner's challenge to the trafficking statute based on equal protection grounds, the Court finds no basis for habeas corpus relief under § 2254(d). Section 2-415 of Title 63 recognizes the intent of the Oklahoma legislature "that those who possess [a drug in excess of a specified amount] deserve a stiff punishment." Anderson, 950 P.2d at 233 (quotation omitted). Petitioner does not allege that federal law prohibits imposing increasingly severe sentences as the amount of cocaine base involved increases. Therefore, the Court finds that Petitioner has failed to establish that the OCCA's resolution of this claim was contrary to or an unreasonable application of federal law, and he is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d).

### 4. Failure to include instruction for lesser included offense (claim 4)

As his fourth proposition of error, Petitioner claims that the trial court committed reversible error in failing to instruct the jury on the lesser included offense of Possession of Cocaine With

Intent to Distribute. On direct appeal, the OCCA reviewed for plain error since Petitioner did not request a lesser included offense instruction at trial. The OCCA found no plain error, explaining that "the case was apparently defended on the theory that Appellant was not in possession of the drugs and Appellant objected to even instructing the jury on simple possession." See Dkt. # 8, Ex. E.

The Tenth Circuit Court of Appeals has established a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases); Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993) (holding that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question). Accordingly, habeas relief shall be denied on Petitioner's claim that his constitutional rights were violated because the trial court failed to give a jury instruction on a lesser included offense.

### 5. *Ineffective assistance of trial counsel (claim 5)*

As his fifth proposition of error, Petitioner alleges that his trial counsel provided ineffective assistance during second stage proceedings when he failed to object to the admission of three transactional prior convictions. On direct appeal, the OCCA found merit to Petitioner's claim, finding that counsel should have investigated the transactional nature of the prior convictions. The OCCA determined that at least two prior convictions were properly admissible for enhancement, and stated "we cannot say the improper admission of two additional prior convictions did not prejudice Appellant." See Dkt. # 8, Ex. E. Therefore, the OCCA reduced Petitioner's sentence on Count 1 from seventy (70) years imprisonment to forty (40) years imprisonment. See id.

11

Petitioner does not explain his ineffective assistance of counsel claim in his petition, see Dkt. # 1, and has simply provided a copy of the arguments asserted in the supporting brief filed in his state direct appeal as his habeas supporting brief, see Dkt. # 3. He fails to explain what relief he seeks or why he believes he is entitled to more relief from this Court than he was afforded by the OCCA on direct appeal. As Petitioner's modified sentence of forty (40) years is within the statutory range of up to life imprisonment, see Okla. Stat. tit. 21, § 51.1(B) (Supp. 1999), any claim resulting in a challenge to the length of his sentence is not subject to federal review. Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir. 1988) (stating that in general, appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute). Having reviewed the record and in the absence of any explanation from Petitioner, the Court finds Petitioner has been granted all the relief to which he is entitled by the OCCA on his claim of ineffective assistance of counsel for failing to object to the use of transactional prior convictions for sentence enhancement during second stage proceedings. He is not entitled to habeas corpus relief on this claim.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

SO ORDERED THIS 17th day of July, 2006.

*(signature: Terence Kern)*

TERENCE KERN
UNITED STATES DISTRICT JUDGE